**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| HUBERT GUMBS, | |
| Plaintiff, | |
| vs. | CASE NO. |
| TYLER STEWARD; J&D SPECIALIZED LOGISTICS, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE, | |
| Defendants. | |

## DEFENDANT'S J&D SPECIALIZED LOGISTICS, LLC'S NOTICE OF REMOVAL

COMES NOW, J&D SPECIALIZED LOGISTICS, LLC (hereinafter "J&D Specialized"), by and through its attorneys, and respectfully show to this Court the following:

1.      Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441 to remove this action from the State Court of Bibb County, State of Georgia, which case is now pending in that court under the name *Hubert Gumbs v. Tyler Steward; J&D Specialized Logistics, LLC; Zurich American Insurance Co.; John Doe, Inc.; and John Doe,* and docketed as Case No. 22-SCCV-094378.

2.      This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as follows:

      a.      The matter in controversy is between citizens of different states.

i. Plaintiff Hubert Gumbs ("Plaintiff") is, and was at the commencement of this action, a citizen and resident of the State of Georgia. *See* Plaintiff's Compl. ¶ 1.

ii. J&D Specialized is, and was at the commencement of this action, a limited liability company with all members of the LLC being citizens of the State of Tennessee. (*See* Affidavit of Angela Ritter, attached hereto as Exhibit "A").

iii. As a result, J&D Specialized is, and was at the commencement of this action, a citizen of Tennessee. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (stating that a limited liability company, unlike a corporation, is a citizen of each state of which one of its members is a citizen, not of the state where the company was formed or has its principal office.).

iv. J&D Specialized has been improperly named as a defendant in this matter.  The proper defendant to this lawsuit is J&D Equipment Hauling, LLC, and Defendant will move to substitute the entities after Removal.

v. J&D Equipment Hauling, LLC also is, and was at the commencement of this action, a limited liability company with all members of the LLC being citizens of the State of Tennessee.  (*See* Affidavit of Angela Ritter, attached hereto as Exhibit "A").

vi. As a result, J&D Equipment Hauling, LLC also is, and was at the commencement of this action, a citizen of Tennessee. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (stating that a limited liability company, unlike a corporation, is a citizen of each state of which one of its members is a citizen, not of the state where the company was formed or has its principal office.).

        vii.     Defendant Tyler Steward is a citizen of the State of Tennessee. *See* Plaintiff's Compl. ¶ 2.

        viii.    Defendant Zurich American Insurance Company is a corporation formed under the laws of the State of New York with its principal place of business at 1299 Zurich Way, Schaumburg, IL 60196. *See* Plaintiff's Compl. ¶ 5.

        ix.     As a result, Zurich American Insurance Company is, and was at the commencement of this action, a citizen of New York and Illinois. *See* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business").

        x.     The citizenship of John Doe and John Doe, Inc. are irrelevant for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

        xi.     Thus, there is complete diversity between Plaintiff and Defendants.

    b.     The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

        i.     "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 614 F.3d 1058, 1061 (11th Cir. 2010) (quotations omitted).

        ii.     Counsel for Plaintiff was asked whether he would be willing to stipulate that the Plaintiff's damages were in an amount of $75,000 or less. Counsel refused

stipulate that the Plaintiff's damages were $75,000 or less.  (*See* Email between Sam Sykes and Reza Sedghi, attached hereto as Exhibit "B").

iii.    Counsel for Plaintiff has therefore confirmed that the amount sought by Plaintiff for alleged damages exceeds the jurisdictional amount of $75,000, exclusive of interests and costs.

iv.    Thus, the amount in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

3.    Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the State Court of Bibb County, State of Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, which embraces the place where such action is pending.

4.    In accordance with the requirements of 28 U.S.C. § 1446(b)(1), Defendant files this its Notice of Removal within thirty (30) days after service of the Summons and Complaint upon J&D Specialized.  The Summons and Complaint were personally served on June 21, 2022.

5.    Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches hereto copies of all the documents that have been served upon them in this action, described as follows:

a.    Complaint for Damages filed in the State Court of Bibb County, State of Georgia, having been assigned Case No. 22-SCCV-094378, marked as Exhibit C;

b.    Summonses to J&D Specialized Logistics, LLC, Tyler Steward, and Zurich American Insurance Company, marked as Exhibit D;

c.    Certificate of Service of Discovery Material, marked as Exhibit E;

d.    Plaintiff's First Interrogatories to Defendant J&D Specialized Logistics, LLC, marked as Exhibit F;

4

e.     Plaintiff's First Request for Production of Documents and Things to J&D Specialized Logistics, LLC, marked as Exhibit G;

f.     Plaintiff's First Request for Admissions to Defendant J&D Specialized Logistics, LLC, marked as Exhibit H;

g.     General Civil and Domestic Case Filing Information Form, marked as Exhibit I;

h.     Sheriff's Entry of Service as to J&D Specialized Logistics, LLC, marked as Exhibit J;

i.     Sheriff's Entry of Service as to Zurich American Insurance Company, marked as Exhibit K; and

j.     Consent Motion to Substitute Parties, marked as Exhibit L.

6.     By reason of the foregoing, Defendants desire and respectfully submit that they are entitled to have this action removed from the State Court of Bibb County, State of Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, such being the district and division where said suit is pending.

7.     A true copy of this Notice of Removal will be filed with the Bibb County State Court Clerk, as required by law.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit M.

8.     Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit N, will be given to Plaintiff's counsel as required by law.

9.     Defendant Zurich American Insurance Company was served on June 28, 2022.  It hereby consents to and joins in this Notice of Removal.

10.     As of the date of this filing, Defendant Tyler Steward has not been served with this lawsuit.

11.     The undersigned has read this Notice of Removal and, to the best of the undersigned's knowledge, information, and belief, formed after a reasonable inquiry, it is well grounded in fact, as warranted by existing law or an extension or modification of existing law, and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted this 21st day of July, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Samuel S. Sykes II*
Samuel S. Sykes, II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
*Attorneys for Defendant J&D Equipment*
*Hauling, LLC, improperly named as J&D*
*Specialized Logistics, LLC*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |
|---|---|
| HUBERT GUMBS,<br><br>      Plaintiff,<br><br>vs.<br><br>TYLER STEWARD; J&D SPECIALIZED<br>LOGISTICS, LLC; ZURICH AMERICAN<br>INSURANCE CO., JOHN DOE INC., and<br>JOHN DOE,<br><br>      Defendants. | CASE NO. |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT J&D SPECIALIZED LOGISTICS, LLC'S NOTICE OF REMOVAL** upon all parties to this matter by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Sandra Davis-Campos, Esquire
> Reza Sedghi, Esquire
> 2870 Vineville Avenue
> Macon, Georgia  31204
> sedghilaw@gmail.com
> sandy@rezasedghi.com
> *Attorneys for Plaintiff*

[Signatures on Next Page]

Respectfully Submitted this 21st day of July, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Samuel S. Sykes II*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

Samuel S. Sykes, II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
*Attorneys for Defendant J&D Equipment*
*Hauling, LLC, improperly named as J&D*
*Specialized Logistics, LLC*

# EXHIBIT A

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

HUBERT GUMBS,

      Plaintiff,

vs.

TYLER STEWARD; J&D SPECIALIZED
LOGISTICS, LLC; ZURICH AMERICAN
INSURANCE CO., JOHN DOE INC., and
JOHN DOE,

      Defendants.

CIVIL ACTION

NO. 22-SCCV-094378

---

## <u>AFFIDAVIT OF ANGELA RITTER</u>

PERSONALLY APPEARING before the undersigned officer, duly authorized to administer oaths, appeared Angela Ritter, who after being duly sworn, deposes an oath and states as follows:

1.

My name is Angela Ritter. I am over the age of eighteen (18) years old, suffer from no legal disabilities, and am otherwise competent to give this Affidavit. I give the following testimony from my own personal knowledge and experience, and I understand that this Affidavit will be used in connection with the above-captioned lawsuit.

2.

I am the Accounting and Risk Control Administrator for J&D Equipment Hauling, LLC., improperly named as J&D Specialized Logistics, LLC, a named Defendant in the above-styled litigation.

3.

I have personal knowledge of the corporate structure and membership of both J&D Specialized Logistics, LLC and J&D Equipment Hauling, LLC.

4.

J&D Specialized Logistics, LLC is comprised of only one member-manager: Joline Denney.

5.

Joline Denney is a citizen of the State of Tennessee, and is domiciled and maintains her residence at 6320 Murfreesboro Road, Lebanon, TN 37090.

6.

The principle place of business for J&D Specialized Logistics, LLC is located at 3470 West Richmond Shop Road, Lebanon, TN 37090.

7.

J&D Equipment Hauling, LLC is comprised of only one member-manager:   Joseph Denney.

8.

Joseph Denney is a citizen of the State of Tennessee, and is domiciled and maintains his residence at 6320 Murfreesboro Road, Lebanon, TN 37090.

9.

The principle place of business for J&D Equipment Hauling, LLC is located at 3470 West Richmond Shop Road, Lebanon, TN 37090.

FURTHER affiant, sayeth not this 21 day of _____July_____, 2022.

_____
**ANGELA RITTER**

Sworn to and Subscribed before me
This 21st day of ____July____, 2022

_____
NOTARY PUBLIC
My Commission Expires: 10·29·22

# EXHIBIT B

**Alex Kinzinger**

**From:**         Reza Sedghi <sedghilaw@gmail.com>
**Sent:**         Wednesday, July 6, 2022 2:02 PM
**To:**           Sam Sykes
**Cc:**           sandy@rezasedghi.com; Alex Kinzinger
**Subject:**      Re: Gumbs v. J&D Equipment Hauling, et al. [IWOV-imanage.FID1327290]

Hey Sam,

Its interesting that every case we have together seems to end up in federal court.  My client is still under medical care and I cannot agree tot cap the damages at 75.

Regarding the incorrect party name, can you draft a consent motion with order to substitute to get that taken care before you file your removal notice?

I'll talk to my client to see where he is on the demand and let you know.

Thanks
Reza


*Reza Sedghi, Attorney*
*Sedghi Law, LLC.*
*2870 Vineville Avenue*
*Macon, Ga  31204*
*Office: 478.741.3770*
*Facsimile: 478.741.3771*
*Email: Sedghilaw@gmail.com*
*Website: www.sedghilaw.com*


The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipient named above in the "to" or "cc" fields.  Anyone else who relies on the contents of this communication does so at his/her own risk.  This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify the undersigned immediately by telephone. Thank you.


> On Jul 6, 2022, at 1:39 PM, Sam Sykes <SSykes@hallboothsmith.com> wrote:
>
> Reza,
>
> I hope you're doing well.  I wanted to touch based on a few preliminary issues in this matter.
>
> First, there is complete diversity in this action, and we intend to remove to federal court.  However, we will agree to keep this case in state court if you are willing to enter into a Stipulation to cap the damages to $75k.  Are you willing to agree to this Stipulation to keep the case in state court?  Please let us know.
>
> Second, you have named the wrong J&D entity.  The correct entity is J&D Equipment Hauling, LLC, also out of Lebanon, TN.  Please let me know how you would like to handle the substitution of the correct party.

Finally, please send a demand when you are able, so we can review and see if early resolution is possible.  Thank you.

Sincerely,

**Sam Sykes**

Attorney at Law | Hall Booth Smith, P.C.

**O:**  404.954.5000
**D:**  404.586.6631
**M:** 404.422.4373

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
hallboothsmith.com

<HBS_Email_Signature_1.19.22.jpg>

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privil

# EXHIBIT C

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

✤ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094378**
JBH
JUN 08, 2022 11:16 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

HUBERT GUMBS,                              :
                                          :
    Plaintiff,                        :
                                          :
vs.                                       :       CIVIL ACTION NO.: _____
                                          :
TYLER STEWARD,                            :
J&D SPECIALIZED LOGISTICS, LLC            :
ZURICH AMERICAN INSURANCE CO.,            :
JOHN DOE INC, And JOHN DOE                :
                                          :
                                          :
    Defendants.                       :

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff HUBERT GUMBS, in the above-styled action and file this Complaint For Damages against TYLER STEWARD, J & D SPECIALIZED LOGISTICS, LLC, ZURICH AMERICAN INSURANCE CORPORATION, JOHN DOE, And JOHN DOE, INC. Defendants in the above-styled action, by showing this Honorable Court the following as their Complaint:

### I.    PARTIES, JURISDICTION AND VENUE

1.

Plaintiff HUBERT GUMBS is a resident and citizen of Georgia.

2.

Defendant TYLER STEWARD is a resident of Lebanon, Wilson County, Tennessee and service can be made at 115 Oaks Drive Lebanon, Tennessee 37090.

3.

Defendant J & D SPECIALIZED LOGISTICS, LLC (hereinafter Defendant J & D Logistics) is a foreign corporation organized and existing under the laws of Tennessee with its principal place of business located at 3470 W Richmond Shop Road Lebanon, Tennessee

37090, USA. Said Defendant is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 46-7-17, by virtue of the facts shown hereinbelow, the Georgia Long Arm Statute O.C.G.A. § 9-10-91 et. seq and as a joint tortfeasor. Defendant J & D Logistics can be served with this Complaint at its principal place of business as follows: Joline Denney, 3470 W Richmond Shop Road, Lebanon, Tennessee 37090.

5.

Defendant ZURICH AMERICAN INSURANCE COMPANY (hereinafter Zurich American Insurance) is an insurance company organized and existing under the laws of Illinois with its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois, 60196. Zurich American Insurance may be served through its registered agent as follows: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

6.

Defendant Zurich American Insurance transacts business in the State of Georgia including Bibb County, Georgia.

7.

Defendant JOHN DOE and JOHN DOE INC. are unknown entities subject to the jurisdiction of this Court.

8.

Defendants are subject to the jurisdiction and venue of this Court pursuant to Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. § 9-10-91, O.C.G.A. § 9-10-93, O.C.G.A. § 33-4-1, O.C.G.A. § 14-2-510, O.C.G.A. § 40-1-117(b), O.C.G.A. § 40-12-3 and other applicable law.

9.

Venue is proper in Superior Court of Bibb County as this is where the action originated.

## II. **FACTS SUPPORTING CAUSES OF ACTION**

10.

At approximately 9:56 in the morning on September 16, 2021, Defendant Tyler Steward was operating a tractor-trailer on Interstate 475 in Macon, Georgia.

11.

At the time, Defendant Tyler Steward was an agent and/or employee of and was acting in the course and scope of his employment and in furtherance of the business of Defendant J & D Logistics.

13.

On the morning of September 16, 2021, Plaintiff Hubert Gumbs (hereinafter Plaintiff Gumbs) was operating his motor vehicle in a careful, prudent, and lawful manner on Interstate 475 in Macon, Georgia.

14.

Plaintiff Gumbs was in the right lane travelling on Interstate 475 when Defendant Steward began to merge into the right lane occupied by Plaintiff Gumbs' vehicle, subsequently forcing the Plaintiff's vehicle off of the road, where a tractor-trailer was parked. In order to avoid collision with the parked tractor-trailer, the Plaintiff accelerated his vehicle to get ahead of Defendant Steward. Defendant Steward continued to merge into the Plaintiff's lane thereby striking Plaintiff's vehicle, causing the collision, and forcing the Plaintiff's vehicle into the guardrail.

15.

Plaintiff Gumbs sustained injuries as a proximate result of the collision, both physically and emotionally.

16.

Plaintiff Gumbs was an innocent victim who in no way contributed to causing the collision or any injury to himself on September 16, 2021.

17.

Plaintiff Gumbs did nothing to contribute to his own injuries.

18.

As a direct and proximate result of the aforementioned collision, Plaintiff Gumbs has suffered and continues to suffer damages including, but not limited to, medical expenses, lost wages, personal injuries, and past, present, and future pain and suffering for which Defendants are liable.

19.

The collision was caused by the negligence Defendants Defendant Tyler Steward and Defendant J & D Logistics, who are liable.

20.

The collision was foreseeable to each of the Defendants and could have been avoided had said Defendants acted in a safe and prudent manner as required by Georgia law and in accordance with the standards required of commercial truck drivers and motor carriers.

21.

Prior to, during, and after the wreck, Plaintiff Gumbs experienced shock, fright, and terror.

22.

Plaintiff Gumbs suffered severe and painful injuries to his body and mind as a result of the injuries he sustained in the collision.

### III.  CAUSES OF ACTION
**Count One – Defendant Tyler Steward's Negligence & Negligence *Per Se***

23.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

24.

Defendant Tyler Steward had a duty to operate his commercial vehicle in compliance with at least the following:

a.     the laws of the State of Georgia;

b.     the Federal Motor Carrier Safety Regulations;

c.     Trucking industry standards and guidelines governing the safe operation of a commercial motor vehicle;

d.     Corporate standards and guidelines imposed upon him by the motor carrier(s) for whom he was driving; and

e.     Reasonable care for a commercial truck driver under the circumstances.

25.

Defendant Tyler Steward breached the above-referenced duties in at least the following ways:

a.     Failure to properly overtake a vehicle, in violation of O.C.G.A. § 40-6-43, the same being negligence *per se*;

b.     Failure to maintain lane, in violation of O.C.G.A. § 40-6-48, the same being negligence *per se*;

b.     Failing to yield the right of way to Plaintiff Gumbs;

c.     Failing to maintain a proper lookout;

d.     Failing to operate his commercial vehicle in a careful, prudent, and lawful manner;

e.     Violating Federal Motor Carrier Safety Regulations, the violation of which constitutes negligence *per se*; and,

f.     Otherwise failing to adhere to trucking industry standards and guidelines governing the safe operation of commercial motor vehicles, corporate standards and guidelines

governing the safe operation of commercial motor vehicles and reasonable prudence under the circumstances.

26.

As a direct and proximate result of the aforementioned negligent acts and omissions by Defendant Tyler Steward, the commercial vehicle operated by Defendant Tyler Steward collided with Plaintiff Gumbs's vehicle.

27.

As a direct and proximate result of the aforementioned negligent acts and omissions by Defendant Tyler Steward, Plaintiff Gumbs has sustained injuries and damages for which Defendant Tyler Steward is liable.

**Count Two – Claims Against Defendant
J & D Specialized Logistics, LLC**

28.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

29.

At all times material hereto, Defendant Tyler Steward was acting within the course and scope of his employment and/or agency with Defendant J & D Logistics and was furthering the business interests of Defendant J & D Logistics.

30.

Defendant J & D Logistics is liable under the doctrine of *respondeat superior* and the rules of agency for all injuries and damages to Plaintiff Gumbs caused by the tortious acts and omissions of Defendant Tyler Steward.

31.

As an employer and motor carrier, Defendant J & D Logistics  has certain duties and responsibilities under the Federal Motor Carrier Safety Regulations, Georgia law, trucking

industry standards and practices, and its own corporate policies, standards, and practices regarding the hiring, training, entrusting, supervising, and retaining of Defendant Tyler Steward as well as duties to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicle.

32.

To the degree that the foregoing breaches of duties contributed to cause injuries and damages to Plaintiff Gumbs, Defendant is independently liable for the same.

33.

Defendant Tyler Steward and Defendant J & D Logistics are liable to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a result of the negligence of Defendant Tyler Steward and Defendant J & D Logistics.

**Count Three – Direct Action Against Zurich American Insurance Company**

34.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

35.

On September 16, 2021, Defendant Zurich American Insurance had in place liability insurance policy, policy number BAP 2926821-01, covering the tractor-trailer involved in the wreck and Defendant J & D Logistic's employees and/or agents, including Defendant Steward.

36.

Defendant Zurich American Insurance was transacting business in the State of Georgia and in Bibb County on the date of the subject wreck, and all material times hereto.

37.

Defendant Zurich American Insurance agreed to provide insurance coverage to Defendant Steward, and Defendant J & D Logistics in consideration for the payment of insurance premiums.

38.

Plaintiff Gumbs as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to the agreement between Defendant Zurich American Insurance, and Defendants Steward and J & D Logistics.

39.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant Zurich American Insurance is subject to this direct action.

40.

Plaintiff is entitled to receive payments from Defendant Zurich American Insurance Company for the tort liability of Defendant Steward, and Defendant J & D Logistics.

## Count Four - Joint and Several Liability

41.

Plaintiff re-alleges and reincorporates by reference the allegations of the previous paragraphs of this Complaint for Damages as if fully set forth herein verbatim.

42.

Defendants jointly and concurrently committed tortuous acts and omissions. Accordingly, all Defendants are jointly and severally liable to Plaintiff for the claims described herein.

## III. DAMAGES

43.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

44.

As a result of the negligence of the Defendants, independently, vicariously, and collectively as will be further developed through this action, Plaintiff Gumbs suffered significant physical and emotional injuries.

45.

As a direct and proximate result of the aforementioned negligent acts and omissions of the Defendants, Plaintiff Gumbs is entitled to recover special damages including, but not limited to, medical expenses and lost wages, both past and future, in an amount to be proven at trial and in amounts that will be itemized by Amendment to this Complaint.

47.

As a direct and proximate result of the aforementioned negligent acts and omissions of the Defendants, Plaintiff Gumbs is entitled to recover general damages including, but not limited to physical and mental pain and suffering and disability to be determined by the enlightened conscience of a jury.

### IV.  **PRAYER FOR RELIEF**

48.

WHEREFORE Plaintiff prays for the following relief:

1.     That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

2.     That service be had on the Defendants as provided by law;

3.     That the Court empanel a jury for trial of all issues in this case;

4.     That the Plaintiff be awarded all damages allowed by law for all claims set forth herein;

5.     That all costs and expenses of litigation be cast against the Defendants;

6.     That the Plaintiff be awarded for punitive damages;

7.     That the Court award any and all further relief as it deems appropriate and just under the circumstances of this case.

Respectfully submitted, this 8th day of June, 2022.

/s/ Sandra Davis-Campos
SANDRA DAVIS-CAMPOS
State Bar No. 334795

/s/ Reza Sedghi
REZA SEDGHI
State Bar No. 634077
*Attorneys for Plaintiff*

2870 Vineville Ave
Macon, Georgia 31204
Phone: (478) 741-3770
Facsimile: (478) 741-3771
sedghilaw@gmail.com
sandy@rezasedghi.com

# EXHIBIT D

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-SCCV-094378

GUMBS, HUBERT

**PLAINTIFF**

VS.

STEWARD, TYLER
J&D SPECIALIZED LOGISTICS, LLC
ZURICH AMERICAN INSURANCE CO.
DOE, JOHN
JOHN DOE, INC

**DEFENDANTS**

**SUMMONS**

TO: J&D SPECIALIZED LOGISTICS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Reza Sedghi**
> **Reza Sedghi, Esq.**
> **2870 Vineville Avenue**
> **Macon, Georgia 31204**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of June, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-SCCV-094378</u>

GUMBS, HUBERT

_____

**PLAINTIFF**

**VS.**

STEWARD, TYLER
J&D SPECIALIZED LOGISTICS, LLC
ZURICH AMERICAN INSURANCE CO.
DOE, JOHN
JOHN DOE, INC

_____

**DEFENDANTS**

## SUMMONS

TO: STEWARD, TYLER

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Reza Sedghi**
> **Reza Sedghi, Esq.**
> **2870 Vineville Avenue**
> **Macon, Georgia 31204**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of June, 2022.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-SCCV-094378

GUMBS, HUBERT

**PLAINTIFF**

**VS.**

STEWARD, TYLER
J&D SPECIALIZED LOGISTICS, LLC
ZURICH AMERICAN INSURANCE CO.
DOE, JOHN
JOHN DOE, INC

**DEFENDANTS**

### SUMMONS

TO: ZURICH AMERICAN INSURANCE CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Reza Sedghi**
> **Reza Sedghi, Esq.**
> **2870 Vineville Avenue**
> **Macon, Georgia 31204**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of June, 2022.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# EXHIBIT E

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094378**
JBH
JUN 08, 2022 11:16 AM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| HUBERT GUMBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: _____ |
| | : | |
| TYLER STEWARD, | : | |
| J&D SPECIALIZED LOGISTICS, LLC, | : | |
| ZURICH AMERICAN INSURANCE CO., | : | |
| JOHN DOE INC, And JOHN DOE | : | |
| | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

This is to certify that I have on this day served the foregoing *Plaintiff's First Interrogatories, Plaintiff's First Request for Admissions, and Plaintiff's First Request for Production of Documents to Defendant* upon the following listed below via electronic transmission through Peach Court, email transmission and/or by placing a copy of the same in the United State Mail, in a properly stamped envelope with adequate postage thereon as follows:

**J & D Specialized Logistics, LLC, Defendant**
Joe Denney, CEO
3470 W Richmond Shop Road
Lebanon, Tennessee 37090
Wilson County

**Tyler Steward, Defendant**
1113 Strathmore Avenue
Dothan, Alabama 36303
Houston County

Respectfully submitted this 8th day of June, 2022.

/s/ Reza Sedghi
REZA SEDGHI

State Bar No. 634077

/s/ Sandra Davis-Campos
SANDRA DAVIS-CAMPOS
State Bar No. 334795
*Attorneys for Plaintiff*

2870 Vineville Ave
 Macon, Georgia 31204
 Phone: (478) 741-3770
 Facsimile: (478) 741-3771
 sedghilaw@gmail.com

# EXHIBIT F

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-09437**
JBH
JUN 08, 2022 11:16 AM

Patricia M. Graves, Clerk of State Cou
Bibb County, Georg

## IN THE STATE COURT OF BIBB COUNTY

## STATE OF GEORGIA

HUBERT GUMBS,                          :

    Plaintiff,                          :
                :

vs.                                    :    CIVIL ACTION NO.: _____
                :

TYLER STEWARD,                         :
J&D SPECIALIZED LOGISTICS, LLC,        :
ZURICH AMERICAN INSURANCE CO.,         :
JOHN DOE INC, And JOHN DOE             :
                :

    Defendants.                        :

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT J & D SPECIALIZED LOGISTICS, LLC.

COMES NOW, HUBERT GUMBS, Plaintiff in the above-styled action, and hereby submit the following First Interrogatories to Defendant J & D SPECIALIZED LOGISTICS, LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g. hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to,

correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)  "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the

preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Incident**" means the collision between TYLER STEWARD, driver for J & D SPECIALIZED LOGISTICS, LLC, ZURICH AMERICAN INSURANCE COMPANY, and HUBERT GUMBS, which occurred in Bibb County, Georgia

5. "**You**," "**Your**," or "J & D LOGISTICS" means Defendant J & D SPECIALIZED LOGISTICS, LLC.

6. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state your interpretation you are using and reveal the nature of the information withheld.

7. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

9. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## **INTERROGATORIES**

### J & D SPECIALIZED LOGISTICS, LLC

#### **Information**
1.

If you contend that Plaintiff has sued the wrong party or left out a party that has fault or had responsibility for the conduct of TYLER STEWARD, or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the name of the legal entity for the correct party in interest to this suit or entity that has fault.

2.

Identify the following people: (a) The Safety Director/ Chief Safety Officer for J & D SPECIALIZED LOGISTICS, LLC on the date of the Subject Incident and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at J & D SPECIALIZED LOGSTICS, LLC on the date of the Subject Incident and now; (c) The person(s) responsible for training TYLER STEWARD; and (d) TYLER STEWARD'S supervisor and manager on the date of the Subject Incident.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of J & D SPECIALIZED LOGISTICS, LLC's driver's actions in the past three years, provide the style of the case

(or name of parties, jurisdiction, and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency or law enforcement agency and J & D SPECIALIZED LOGISTICS, LLC that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past five (5) years. This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

**Vehicle Information**

5.

With respect to the <u>truck</u> operated by J & D SPECIALIZED LOGISTICS at the time of the Subject Incident, provide the following information:

1. Identify the registered owner, lessor (if any) and leasee (if any) on the date of the Subject Incident and now;

2. Provide the mileage and gross weight at the time of the Subject Incident;

3. For the engine, identify the manufacturer, year, model, and identification number;

4. Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.),

state whether or not that data has been preserved and/or downloaded, and if so, when and by whom;

5.  Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the date for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired;

6.  Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision avoidance system; any lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired; and

7. Identify all maintenance and repairs performed for the time period from twelve (12) months before the Subject Incident to present.

6.

With respect to the <u>trailer</u> operated by TYLER STEWARD at the time of the Subject Incident, provide the following information:

1. Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently;

2. Provide the mileage and gross weight at the time of the Subject Incident;

3. Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom;

4. Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired; and

5. Identify all maintenance and repairs performed for the time period from twelve (12) months before the Subject Incident to present.

**Trip and Hours of Service Information**

7.

With respect to the trip that TYLER STEWARD was on at the time of the Subject Incident, provide the following information:

1. Identify all shippers and brokers involved;

2. Explain where and when (date and time) TYLER STEWARD picked up the load he had at the time of the Subject Incident;

3. Identify where (name and address of location) and when (date and time) the load was to be delivered;

4. Identify the location, time, duration, and reason for each stop TYLER STEWARD made from the time he picked up the load until the time of the Subject Incident; and

5. Identify the route TYLER STEWARD intended to follow from the point of origin to the point of destination.

8.

With respect to TYLER STEWARD'S Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Incident, provide the following information:

1. Identify all errors on TYLER STEWARD'S logs of which you are aware;

2. Identify all HOS violations of which you are aware;

3. Explain what you have done, if anything, to audit or verify the accuracy of TYLER STEWARD'S logs and identify all persons involved in the process; and

4. Identify all documents and data of any kind that you used to audit or verify TYLER STEWARD'S log.

9.

For the seventy-two (72) hours leading up to the Subject Incident, provide the following information regarding TYLER STEWARD:

1. Identify all driving hours;

2. Identify all on-duty not driving hours (location and activities);

3. Identify all stops (time and location) and the reason for them;

4. Identify when and where meals were eaten;

5. Identify when and where TYLER STEWARD slept;

6. Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

Did TYLER STEWARD have any health issues including but not limited to sleep apnea or any other condition that affected or could have affected his ability to drive in the seventy-two (72) hours leading up to the Subject Incident? If so, explain.

11.

If J & D SPECIALIZED LOGISTICS, LLC performs Hours of Service log audits on drivers,

f. Explain what is entailed in the auditing process;

g.  Identify all documents and data used in the process;

h.  Identify who performs the audits (in-house or outsourced);

i.  Identify when, if ever, TYLER STEWARD'S logs were audited; and

j.  Identify all Hours of Service violations or other violations of the Federal Motor Carrier Safety Regulations of which you are aware for TYLER STEWARD while he was working with or for your company.

### **Driver Information**

12.

With respect to TYLER STEWARD, provide the following information:

1.  Explain the relationship between J & D SPECIALIZED LOGISTICS, LLC and STEWARD at the time of the Subject Incident (e.g. leased driver, company driver, etc.);

2.  Explain how TYLER STEWARD was paid for driving (by hour, by load, by mile, salary or other);

3.  Explain all steps J & D SPECIALIZED LOGISTICS, LLC undertook to qualify TYLER STEWARD in accord with the Federal Motor Carrier Safety Regulations; and

4.  Identify when J & D SPECIALIZED LOGISTICS, LLC's relationship with TYLER STEWARD began and ended.

13.

Was TYLER STEWARD acting within the course and scope of his employment or agency with J & D SPECIALIZED LOGISTICS, LLC at the time of the Subject Incident? If not, explain the basis for your contention, identify documents and witnesses that support your contention and identify for whom TYLER STEWARD was working at the time of the subject incident.

14.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by J & D SPECIALIZED LOGISTICS, LLC regarding TYLER STEWARD at any time.

15.

Describe in detail all training and education (including on the job training) provided by or on behalf of J & D SPECIALIZED LOGISTICS, LLC to TYLER STEWARD at any time and in any way related to the operation of a motor vehicle.

16.

Identify all traffic violations committed by TYLER STEWARD, either while in your employ or in previous employment.

17.

If TYLER STEWARD has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

18.

For each motor vehicle collision/accident involving TYLER STEWARD of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If TYLER STEWARD had ever been disqualified from driving a commercial vehicle while in your employ or anyone else's employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between TYLER STEWARD and anyone acting for and/or on behalf of J & D SPECIALIZED LOGISTICS, LLC during the forty-eight (48) hours before and the forty-eight (48) hours after the Subject Incident. For each communication, identify the method of communication (cell phone, Qualcomm, other), time of communication, persons involved, and the general subject.

### Relationship with J & D SPECIALIZED LOGISTICS, LLC

21.

Explain the relationship between J & D SPECIALIZED LOGISTICS, LLC, and TYLER STEWARD prior to and at the time of the Subject Incident, including how J & D SPECIALIZED LOGISTICS, LLC compensated TYLER STEWARD prior to and at the time of the Subject Incident.

22.

Identify who at J & D SPECIALIZED LOGISTICS, LLC worked most closely with TYLER STEWARD and why.

### Regulations and Policies

23.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to TYLER STEWARD at the time of the Subject Incident, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

24.

Identify all J & D SPECIALIZED LOGISTICS, LLC policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for TYLER STEWARD at the time of the Subject Incident.

### Investigation of Subject Incident

25.

Describe in detail when and how you first became aware that TYLER STEWARD was involved in the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

26.

Explain your understanding of how the Subject Incident occurred and whether TYLER STEWARD was a fault or responsible, even in part, for the collision.

27.

Identify all persons who to your knowledge were present at the scene of the Subject Incident at any time in the two (2) hours after the collision and explain their role, why they were at the scene and what actions they took.

28.

Identify each person (name and employer) who has been involved in the investigation of the Subject Incident. For each person identified, describe their role and involvement in the investigation.

29.

Identify all persons who you know to your knowledge have or may have any relevant information regarding: the Subject Incident; the facts leading up to the Subject Incident; the investigation of the Subject Incident; any party to this action; any vehicles involved in the Subject Incident; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses with this case.

30.

Identify all persons who to your knowledge have given a statement in any way (written, oral, recorded or otherwise) in connection with this case. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

31.

Identify and explain all interaction and communication between anyone working for or on behalf of J & D SPECIALIZED LOGISTICS, LLC and any federal and/or state law enforcement personnel/agency regarding the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

32.

Identify and explain all interaction and communication between anyone working for or on behalf of J & D SPECIALIZED LOGISTICS, LLC and anyone employed with or acting on behalf of any other Defendant named in this action in connection with the Subject Incident.

33.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on TYLER STEWARD after the Subject Incident occurred. If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

34.

As to any tests, inspections, measurements and/or investigations performed by or on behalf of TYLER STEWARD, or of which you are at all aware regarding in any way the Subject Incident and/or any other matter raised in this case, identify all person(s) who ordered and/or participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

35.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

36.

If you maintain that any non-party has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all persons who have any knowledge regarding this issue.

37.

If you maintain that TYLER STEWARD has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Plaintiff's Complaint, describe in detail the basis for this responsibility and identify all persons who have any knowledge regarding this issue.

38.

If J & D SPECIALIZED LOGISTICS, LLC has performed any review (e.g. accident review board, preventability determination) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

### Miscellaneous

39.

Identify each person J & D SPECIALIZED LOGISTICS, LLC expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regard to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

### Insurance

40.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insured; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

Respectfully submitted, this 8th day of June, 2022.

/s/ Reza Sedghi
REZA SEDGHI
State Bar No. 634077

/s/ Sandra Davis-Campos
SANDRA DAVIS-CAMPOS
State Bar No. 334795
*Attorneys for Plaintiff*

2870 Vineville Ave
Macon, Georgia 31204
Phone: (478) 741-3770
Facsimile: (478) 741-3771
sedghilaw@gmail.com
sandy@rezasedghi.com

# EXHIBIT G

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094378**
JBH
JUN 08, 2022 11:16 AM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**

**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| HUBERT GUMBS, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: _____ |
| | : | |
| TYLER STEWARD, | : | |
| J&D SPECIALIZED EQUIPMENT | : | |
| HAULING LLC, ZURICH AMERICAN | : | |
| INSURANCE CO., | : | |
| JOHN DOE INC, And JOHN DOE | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO J & D SPECIALIZED LOGISTICS, LLC

TO:   Joline Denney, as Registered Agent for
J & D Specialized Logistics, LLC
3470 W Richmond Shop Road
Lebanon, Tennessee 37090
Wilson County

Pursuant to Official Code of Georgia Annotated §9-11-34(c), you are hereby requested to produce the following designated documents and things, and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy these documents and things, which constitute or contain matters within the scope of §9-11-26(b) of said law, and which are in your possession, custody and control.

**PERSONAL COMPLIANCE:** You are to produce the documents and things hereinbelow designated at 10:00 o'clock a.m. on the 45th day after service of this request upon you, in the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204.

**ALTERNATIVE COMPLIANCE BY MAIL ACCEPTABLE:**  As an alternative to personally producing these things requested, at the time, date and place above specified, you may comply with this request by photocopying true, correct and genuine copies of such requested material and attaching these photocopies to your formal response to this request and serve same by mail addressed to the undersigned attorney at the law office of Reza Sedghi, 2870 Vineville Avenue, Macon, Georgia 31204, within forty-five (45) days from the date of service of these requests.

**CONTINUING DUTY TO SUPPLEMENT YOUR RESPONSE**: Should any documents or thing herein requested come into existence or become known to you or your attorney subsequent to

your receipt of these requests or subsequent to the inspection or other means or producing said documents or things hereinbelow requested, these requests shall be deemed to be continuing in nature.

**DEFINITIONS:** When used in this production request, the following terms have the meaning set out:

"**Account**", means a bank account, investment account, loan account, credit card account, or savings account.

"**Communication**" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to, correspondence, conversation, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

"**Defendant**" or any synonym thereof is intended and shall embrace and include, in addition to the defendant to whom this request is directed, all agents, servants, representatives, attorneys, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant.

"**Documents and Things**" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched taped, filmed or graphic matter, however, produced or reproduced.

"**Person**" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, department, or private company.

"**You**" or "**yourself**" refers to the defendant to whom this request is directed, its officers, directors, agents, representatives, accountants and attorneys, and others who may have or who may be able to obtain information on behalf of said defendant.

## THE DOCUMENTS AND THINGS REQUESTED ARE:

1. **Insurance policies:** A full and complete **certified** copy of each and every insurance policy which does or might provide coverage to Plaintiff or its employees for the accident in question, including all endorsements or riders relating thereto, including, but not limited to, any and all liability coverage which covered said company, the subject driver, or the vehicle

being driven by Plaintiff at the time of the collision, along with the application for such insurance.

2. **Driving history**: All records pertaining to Defendant's driving history.

3. **Vehicle title**: The title to the vehicle involved in the collision, or in lieu thereof, a photocopy of the same.

4. **Background checks:** Certified copies of reports or results of any investigation by you into the driving background of Defendant.

5. **Visual memoranda:** Any and all photographs, videotapes, or movies which you, your attorney, expert witness, investigator, insurance carrier, or other agent, representative, or employee has possession of, or which is in the control of said person(s), which pertains to any facts relevant to any issue in this lawsuit, including liability and damages.

6. **Policies and programs**: With respect to your policies and programs, you are requested to produce copies of the following documents and items:
   (a) Driver standards; and
   (b) Driver compensation.

7. **Hiring policies**: All books, manuals, guidelines and other memoranda used from the date of Plaintiff's initial hire to the present in the administration or operation of Defendant J & D Equipment's fleet which outline the appropriate procedures, protocols, policies and standards of care for the hiring of truck drivers, including those containing the manner of inquiry into the driving history of such prospective employees, the effect of any negative findings, and the factors which would render any such prospective employee unsuitable for employment.

8. **Training procedures**: All documents describing the appropriate training procedures, training classes, or other training methods used by Defendant J & D Equipment, LLC in the training of truck drivers, as well as any such documents used or compiled during the training of Defendant Steward.

9. **Visual memoranda**: All diagrams, maps, drawings, photographs, videotapes or movies which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of, or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

10. **Statements**: All statements of anyone having knowledge of this accident, whether written or oral, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of, or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

11. **Physical and expert memoranda**:  All reports, diagrams, models, charts, test results, records, graphs, and notes pertaining to facts relevant to any issue in this lawsuit, including, but not limited to, those of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness.

12. **Investigative reports**:  All investigative reports, evaluations or other documents or communications, in writing, which you, your attorney, expert witness, investigator, insurance carrier or other agent, representative or employee has possession of, or which is in the control of said person, which pertains to any facts relevant to any issue in this lawsuit, including liability as well as damages.

13. **Qualifications of expert**:  A current curriculum vitae of each and every expert whom you intend to call to testify at trial and of each and every expert used for consultation, if said expert's work product forms a basis, in whole or in part, of the opinion of an expert who will be called as a witness, as well as a list as to each of every article, treatise, text, or published writing authored or contributed to by such expert, identifying same by title, volume, page number, and date of publication.

14. **Memoranda**:  All notes, memos, or other writings prepared or maintained by you or your subject driver concerning the vehicle involved in the subject collision, including, but not limited to, maintenance requests, files, personal files, and diaries.

15. **Safety program records**:  All records relating to any safety program which Plaintiff requires its drivers to participate in for a period of five years immediately preceding the subject collision.

16. **Maintenance records**:  Any and all maintenance records, papers, repair records, data bases, and papers regarding replacement of any and all parts replaced or repaired on the vehicle involved in the subject collision; this includes checks, purchase orders, or any other papers reflecting repair or replacement of parts and inspection information prior to the subject collision.

17. **Claims memoranda**:  Copies of all claims made by you or against you, or to any insurance company on your behalf, as to any property, including the subject vehicle and the cargo it was carrying, involved in the subject collision.

18. **Employment and personnel file**: All records pertaining to Defendant Steward, however denominated by you, including his complete employment and personnel file.

This 8th day of June, 2022.

/s/ Reza Sedghi
REZA SEDGHI
State Bar No. 634077

/s/ Sandra Davis-Campos
SANDRA DAVIS-CAMPOS
State Bar No. 334795
*Attorneys for Plaintiff*

2870 Vineville Ave
Macon, Georgia 31204
Phone: (478) 741-3770
Facsimile: (478) 741-3771
sedghilaw@gmail.com
sandy@rezasedghi.com

# EXHIBIT H

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

22-SCCV-09437ₑ

JBH
JUN 08, 2022 11:16 AM

Patricia M. Graves-Clerk of State Cour
Bibb County, Georg

## IN THE STATE COURT OF BIBB COUNTY

## STATE OF GEORGIA

HUBERT GUMBS,                          :
                                       :
   Plaintiff,                         :
                                       :
vs.                                    :      CIVIL ACTION NO.: _____
                                       :
TYLER STEWARD,                         :
J&D SPECIALIZED LOGISTICS, LLC         :
HAULING LLC, ZURICH AMERICAN           :
INSURANCE CO.,                         :
JOHN DOE INC, And JOHN DOE             :
                                       :
                                       :
   Defendants.                        :

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
### J & D SPECIALIZED LOGISTICS, LLC

In compliance with O.C.G.A. § 9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request.  As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions, Defendant serves a written answer or objection addressed to each fact.

In compliance with O.C.G.A. §9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request.  As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions, Defendant serves a written answer or objection addressed to each fact.

Pursuant to O.C.G.A. § 9-1 1-36, you are hereby required to answer, in the form provided by law, the following Request for Admissions:

1.

On September 16, 2021, Defendant Tyler Steward was the driver of a 2017 Peterbilt Motors Fleet 389 vehicle.

2.

On September 16, 2021, Defendant Tyler Steward worked for Defendant J & D Specialized Logistics, LLC.

3.

While working for Defendant J & D Specialized Logistics, LLC Defendant Steward collided with Plaintiff's vehicle.

4.

Plaintiff sustained injuries as a result of the September 16, 2021 collision.

5.

Defendant J & D Specialized Logistics, LLC is unaware of any fact which indicates that Plaintiff has failed to mitigate the damages suffered by Plaintiff.

6.

The police report attached to these requests as Exhibit A accurately describes the location of the collision which occurred on September 16, 2021, involving the "Peterbilt Motors Fleet 389" driven by Defendant Steward and Plaintiff's vehicle.

7.

The police report attached to these requests as Exhibit A contains a reasonably accurate written description of the weather which existed at the time and place of the collision which occurred on September 16, 2021.

8.

The police report attached to these requests as Exhibit A contains a reasonably accurate description of the collision which occurred on September 16, 2021.

9.

The police report attached to these requests as Exhibit A contains a reasonably accurate diagram of the roadways on which the collision occurred on September 16, 2021.

10.

The police report attached to these requests as Exhibit A contains a reasonably accurate diagram of the positions of the vehicles involved in the collision which occurred on September 16, 2021.

11.

The "Peterbilt Motors Fleet 389" driven by Defendant Steward caused the collision between said vehicle and Plaintiff's vehicle on September 16, 2021.

12.

Plaintiff was not negligent in any particular immediately prior to or at the time of the collision that occurred on September 16, 2021.

13.

Plaintiff did not contribute to causing the collision which occurred on September 16, 2021 in any manner.

14.

The collision which occurred on September 16, 2021 could have been avoided by the exercise of reasonable care by your driver Defendant Tyler Steward.

15.

The collision which occurred on September 16, 2021 could have been avoided by the exercise of reasonable care by you.

16.

The collision which occurred on September 16, 2021, was not the fault of any person or entity not a party to this lawsuit.

17.

Defendant Steward did not have a Commercial Driver's License (CDL) at the time of the subject collision.

18.

Defendant J & D Equipment Hauling has been properly served with process in this action.

19.

Defendant J & D Equipment Hauling is subject to the jurisdiction and venue of this Court.

This this 8th day of June, 2022.

/s/ Sandra Davis-Campos
SANDRA DAVIS-CAMPOS
State Bar No. 334795

/s/ Reza Sedghi
REZA SEDGHI
State Bar No. 634077
*Attorneys for Plaintiff*

2870 Vineville Ave
Macon, Georgia 31204
Phone: (478) 741-3770

Facsimile: (478) 741-3771
sedghilaw@gmail.com
sandy@rezasedghi.com

# GEORGIA
## MOTOR VEHICLE CRASH REPORT

| Agency Case Number | Agency NCIC No. | County | Date Rec'd by DOT |
|---|---|---|---|
| 2021-79925 | 0110000 | BIBB | |

| Estimated Crash | | Dispatch | | Arrival | | Total Number of | | | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| **Date** | **Time** | **Date** | **Time** | **Date** | **Time** | **Vehicles** | **Injuries** | **Fatalities** | |
| 9/16/2021 | 09:56 | 9/16/2021 | 09:56 | 9/16/2021 | 09:56 | 2 | 2 | 0 | Macon |

**Road of Occurrence** I 475

**At Its Intersection With** TOBEE CRK

**Not At Its Intersection But**  ☐ Miles ☐ North ☐ East
☐ Feet ☐ South ☐ West  **Of**

**Latitude (Y)** 32.824280 *(Format)* 00.00000

**Longitude (X)** -83.644099 *(Format)* -00.00000

☐ Suppl To Original
☐ Private Property
☐ Hit And Run?

| Unit # | ☑ Driver | **LAST NAME** | **FIRST** | **MIDDLE** |
|---|---|---|---|---|
| **1** | ☐ Ped ☐ Bike | GUMBS | HUBERT | I |
| | ☑ Susp At Fault | **Address** 3871 NORTHSIDE DRIVE APARTMENT K-8 | | |

| City | State | Zip | DOB |
|---|---|---|---|
| MACON (BIBB) | GA | 31210 | 7/25/1989 |

| Driver's License No | Class | State | Country |
|---|---|---|---|
| 054776478 | CLASS C | GA | USA |

| Insurance Co. | Policy No. | Telephone No. |
|---|---|---|
| NO INSURANCE | NA | |

| Year | Make | Model |
|---|---|---|
| 2008 | LEXUS | iS 300 |

| VIN | Vehicle Color |
|---|---|
| JTHBK262082067729 | Black |

| Tag # | State | County | Year |
|---|---|---|---|
| XVF451 | GA | | 2021 |

| Trailer Tag # | State | County | Year |
|---|---|---|---|

☑ Same as Driver | **Owner's Last Name** GUMBS | **First** HUBERT | **Middle** I

**Address** 3871 NORTHSIDE DRIVE APARTMENT K-8

| City | State | Zip |
|---|---|---|
| MACON (BIBB) | GA | 31210 |

**Removed By:** MIKE ADAMS    ☐ Request  ☑ List

| Alcohol Test: No | Type: | Results: | Drug Test: No | Type: | Results: |
|---|---|---|---|---|---|

| First Harmful Event: Motor Vehicle in Motion | Most Harmful Event: Motor Vehicle in Motion | Operator/Ped Cond: Not Drinking |
|---|---|---|

**Operator Factors:** Aggressive Driving

**Vehicle Factors:** No Contributing Factors | **Roadway Factors:** Road Surface Condition (wet, icy, snow, slush, etc)

| Direction of Travel: North | Vehicle Maneuver: Straight | Non-Motor Maneuver: |
|---|---|---|

| Vehicle Class: Privately Owned | Vehicle Type: Passenger Car | Vision Obscured: Not Obscured |
|---|---|---|

| Number of Occupants: 1 | Area of Initial Contact: Left Side-Near Rear | Damage to Vehicle: Disabling Damage |
|---|---|---|

| Traffic Way Flow: Two-Way Trafficway with a physical separation | Road Composition: Black Top | Road Character: Straight and Level |
|---|---|---|

| Number of Lanes: 3 | Posted Speed: 70 | Work Zone: None |
|---|---|---|

| Traffic Control: Lanes | Device Inoperative: ☐ Yes ☑ No |
|---|---|

**Citation Information:**
| Citation # NO INSURANCE | O.C.G.A. § 40-6-10 |
| Citation # | O.C.G.A. § |
| Citation # | O.C.G.A. § |

---

| Unit # | ☑ Driver | **LAST NAME** | **FIRST** | **MIDDLE** |
|---|---|---|---|---|
| **2** | ☐ Ped ☐ Bike | STEWARD | TYLER | L |
| | ☐ Susp At Fault | **Address** 115 OAKS DRIVE | | |

| City | State | Zip | DOB |
|---|---|---|---|
| LEBANON | TN | 37090 | 12/22/1992 |

| Driver's License No | Class | State | Country |
|---|---|---|---|
| 113361301 | Other | TN | USA |

| Insurance Co. | Policy No. | Telephone No. |
|---|---|---|
| TENNESSEE INSURANCE | BAP2926822 | 6154031668 |

| Year | Make | Model |
|---|---|---|
| 2017 | PETERBILT MOTORS | FLEET 389 |

| VIN | Vehicle Color |
|---|---|
| 1NPXGGG60D468614 | White |

| Tag # | State | County | Year |
|---|---|---|---|
| H2105HY | TN | | 2022 |

| Trailer Tag # | State | County | Year |
|---|---|---|---|

☐ Same as Driver | **Owner's Last Name** JD EQUIPMENT HAULING | **First** | **Middle**

**Address** 3470 W. RICHMOND SHOP ROAD

| City | State | Zip |
|---|---|---|
| LEBANON | TN | 37090 |

**Removed By:** MIKE ADAMS    ☐ Request  ☑ List

| Alcohol Test: No | Type: | Results: | Drug Test: No | Type: | Results: |
|---|---|---|---|---|---|

| First Harmful Event: Motor Vehicle in Motion | Most Harmful Event: Motor Vehicle in Motion | Operator/Ped Cond: Not Drinking |
|---|---|---|

**Operator Factors:** No Contributing Factors

**Vehicle Factors:** No Contributing Factors | **Roadway Factors:** Road Surface Condition (wet, icy, snow, slush, etc)

| Direction of Travel: North | Vehicle Maneuver: Changing Lanes | Non-Motor Maneuver: |
|---|---|---|

| Vehicle Class: Commercial Motor Vehicle (CMV) | Vehicle Type: Tractor/Trailer | Vision Obscured: Not Obscured |
|---|---|---|

| Number of Occupants: 1 | Area of Initial Contact: Right Side-Far Front | Damage to Vehicle: Functional Damage |
|---|---|---|

| Traffic Way Flow: Two-Way Trafficway with a physical separation | Road Composition: Black Top | Road Character: Straight and Level |
|---|---|---|

| Number of Lanes: 3 | Posted Speed: 70 | Work Zone: None |
|---|---|---|

| Traffic Control: Lanes | Device Inoperative: ☐ Yes ☑ No |
|---|---|

**Citation Information:**
| Citation # | O.C.G.A. § |
| Citation # | O.C.G.A. § |
| Citation # | O.C.G.A. § |

---

### COMMERCIAL MOTOR VEHICLES ONLY (Unit 1)

| Carrier Name: | | | |
|---|---|---|---|
| Address: | City: | State: | Zip: |
| U.S.D.O.T. # | No. of Axles | G.V.W.R. | |
| Cargo Body Type: | Vehicle Config: | ☐ Interstate ☐ Intrastate | Fed. Reportable: ☐ Yes ☐ No |
| C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No | | |
| Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No | | |
| Hazmat Released? ☐ Yes ☐ No | | | |
| If YES: Name of 4 Digit Number from Diamond or Box: | | | |
| One Digit Number from Bottom of Diamond: | | | |
| ☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units | | | |

### COMMERCIAL MOTOR VEHICLES ONLY (Unit 2)

| Carrier Name: JD EQUIPMENT HAULING | | | |
|---|---|---|---|
| Address: 3470 W RICHMOND | City: LEBANON | State: TN | Zip: |
| U.S.D.O.T. # 0000000 | No. of Axles | G.V.W.R. | |
| Cargo Body Type: Flatbed | Vehicle Config: | ☑ Interstate ☐ Intrastate | Fed. Reportable: ☐ Yes ☑ No |
| C.D.L.? ☑ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☑ No | | |
| Vehicle Placarded? ☐ Yes ☑ No | Hazardous Materials? ☐ Yes ☑ No | | |
| Hazmat Released? ☐ Yes ☑ No | | | |
| If YES: Name of 4 Digit Number from Bottom of Diamond: | | | |
| One Digit Number from Bottom of Diamond: | | | |
| ☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units | | | |

EXHIBIT A

GDOT-523 (07/17)

## COLLISION FIELDS

| Manner of Collision: Sideswipe-Same Direction | Location at Area of Impact: On Roadway - Roadway Intersection | Weather: Rain | Surface Condition: Wet | Light Condition: Daylight |
|---|---|---|---|---|

### NARRATIVE

DRIVER/VEHICLE #1 STATED THAT DRIVER/VEHICLE #2 CAME OVER IN TO HIS LANE AND HE ATTEMPTED TO GO AROUND DRIVER/ VEHICLE #2 (TRACTOR TRAILOR). DRIVER #1 WAS ALREADY OUTSIDE OF HIS VEHICLE WHEN DEPUTY ARRIVED ON SCENE. DEPUTY DROVE UP ON THE ACCIDENT AND HAD NOT BEEN DISPATCHED. PER DISPATCH THEY WERE NOT AWARE OF ANY ACCIDENT AT THIS LOCATION. DRIVER #1 WAS INJURED AND WAS ASKED BY DEPUTY TO REST ON THE GUARDRAIL AS DEPUTY HAD REQUESTED AN AMBULANCE AS WELL TO THIS LOCATION.

A SECOND TRACTOR TRAILOR HAD STOPPED TO ASSIST IN HOLDING BACK TRAFFIC AS WE NEEDED THE RIGHT TWO LANES BLOCKED AT THE TIME. THEYC HAD ADVISED THEY HAD NO KNOWLEDGE OF THE ACCIDENT BUT SAW ONLY ONE DEPUTY AND KNEW THE INTERSTATE NEEDED TO BE BLOCKED TEMPORARILY.

DRIVER #2 STATED THAT HE WAS ORIGINALLY IN THE CENTER LANE. DRIVER #1 TURNED ON HIS BLINKER AND WAS ALREADY OCCUPYING THE RIGHT HAND LANE WITH THE FRONT CAB OF HIS TRUCK AND PARTIAL LOAD. DRIVER #2 STATED THAT DRIVER #1 CAME AROUND THE RIGHT SIDE OF HIS TRACTOR TRAILOR AT A HIGH RATE OF SPEED. DRIVER #2 STATED THAT IS WHEN THE REAR BUMPER OF DRIVER #1'S LEXUS AND THE FRONT BUMPER OF THE TRACTOR TRAILOR STRUCK. DRIVER #2 WAS VISIBLY SHAKEN BUT DID NOT GO TO THE HOSPITAL AT THAT TIME.

BOTH VEHICLES WERE TOWED BY MIKE ADAMS

DRIVER #1 PROVIDED A HAND WRITTEN STATEMENT WHICH STATED THE FOLLOWING ON 9/17/2021
" I WAS HEADING NORTH BOUND ON I-475 IN THE FAR RIGHT LANE WHEN THE SEMI IN THE LANE LEFT OF ME STARTED TRYING TO ENTER MY LANE. I WAS SUBSEQUENTLY FORCED HALF ON THE ROAD HALF ON THE SHOULDER. THERE WAS ANOTHER SEMI ON THE SIDE OF THE ROAD AT THIS TIME. IN FEAR FOR MY HEALTH AND SAFETY, TO AVOID BEING PINNED BETWEEN BOTH SEMIS I ACCELERATED. THE DRIVER OF THE MOVING SEMI CONTINUED TO FORCE HIS WAY OVER WITH NO REGARD TO ME AND MY VEHICLE. HE STRUCK MY VEHICLE AND SENT ME INTO THE GUARD RAIL. MY VEHICLE PINBALLED WITH ME COUNTING AT LEAST FOUR MAJOR IMPACTS BEFORE MY VEHICLE CAME TO A STOP. I MANAGED TO ESCAPE MY VEHICLE AND CALL FOR HELP".

I ADVISED DRIVER #1 THAT I WOULD ADD THIS TO THE REPORT AT HIS REQUEST.

### DIAGRAM



### PROPERTY DAMAGE INFORMATION

Damage Other Than Vehicle:                                                     Owner:

**WITNESS INFORMATION**

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|
| | | | | | |

## OCCUPANT INFORMATION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **1** | Name (Last, First): GUMBS, HUBERT | | | | Address: 3871 NORTHSIDE DRIVE APARTMENT K-8 MACON (BIBB), GA 31210 | | | | |
| | Age: 32 | Sex: Male | Unit #: 1 | Position: Front Seat-Left Side | Safety Eq: Lap and Shoulder Belt Used | Ejected: Not Ejected | Extricated: No | Air Bag: Deployed Multiple | Injury: Suspected Serious | Taken for Treatment: Yes |
| | Injured Taken to: NAVICENT HEALTH CENTER | | | By: AMBULANCE | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: |
| **2** | Name (Last, First): STEWARD, TYLER | | | | Address: 115 OAKS DRIVE  LEBANON, TN 37090 | | | | |
| | Age: 28 | Sex: Male | Unit #: 2 | Position: Front Seat-Left Side | Safety Eq: Lap and Shoulder Belt Used | Ejected: Not Ejected | Extricated: No | Air Bag: Non-Deployed Air | Injury: Possible Injury or | Taken for Treatment: No |
| | Injured Taken to: N/A | | | By: N/A | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: |
| **3** | Name (Last, First): | | | | Address: | | | | |
| | Age: | Sex: | Unit #: | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| | Injured Taken to: | | | By: | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: |
| **4** | Name (Last, First): | | | | Address: | | | | |
| | Age: | Sex: | Unit #: | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| | Injured Taken to: | | | By: | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: |

## ADMINISTRATIVE

Photos Taken: ☐ Yes ☑ No   By:

Officer Note: If collision resulted in a fatality please contact the local or the State Crash Reporting Unit Evaluator on behalf of GDOT (FARS unit) to add or correct (404) 635-2985

| Report By: | Agency: | Report Date: | Checked By: | Date Checked: |
|---|---|---|---|---|
| ARD, NICOLE (0123) | Bibb Co Sheriff's Office | 09/23/2021 16:13 | Collins, Wilton | 9/24/2021 |

GDOT-523 (07/17)   [Printed: 9/24/2021 | 8236788]   *MAIL TO: Georgia Department of Transportation, CRASH REPORTING UNIT, 935 East Confederate Ave., Atlanta, GA 30316-2590*

EXHIBIT A

# EXHIBIT I

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of  Bibb _____ County

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094378**
JBH

JUN 08, 2022 11:16 AM

| **For Clerk Use Only** | |
|---|---|
| Date Filed 06-08-2022 | Case Number 22-SCCV-094378 |
| MM-DD-YYYY | |

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

**Plaintiff(s)**

GUMBS, HUBERT
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Sedghi, Reza

**Defendant(s)**

STEWARD, TYLER
Last        First        Middle I.    Suffix    Prefix

J&D SPECIALIZED LOGISTICS, LLC
Last        First        Middle I.    Suffix    Prefix

ZURICH AMERICAN INSURANCE CO.
Last        First        Middle I.    Suffix    Prefix

DOE, JOHN
Last        First        Middle I.    Suffix    Prefix

**Bar Number** 634077       **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
        Case Number                            Case Number

☑  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

# EXHIBIT J

Civil Action No.

Attorney's Address: Reza Sedghi

**State Court GEORGIA,**

**BIBB COUNTY**

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094878**
JBH
**JUN 27, 2022 02:10 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

28 _____ 2870 Vineville Avenue          HUBERT GUMBS
            Macon, Georgia 31204

Telephone: (478) 741-3770                                    VS.          **Plaintiff**

Name and Address of Party to be Served          J & D SPECIALIZED LOGISTICS, LLC,

Joline Denney, as Registered Agent for
J & D Specialized Logistics, LLC          ZURICH AMERICAN INSURANCE COMPANY,
3470 W Richmond Shop Road          TYLER STEWARD, JOHN DOE, JOHN DOE INC.
Lebanon, Tennessee 37090
Wilson County

## ENTRY OF SERVICE                    **Garnishees**

**GARNISHEE**

❑      I have this day served the Garnishee _____ by leaving a copy of the
within action and summons with _____.

**PERSONAL**

✗      I have this day served the Defendant **Subpoena** personally with a copy of the within action and summons.
_____

**NOTORIOUS**

        I have this day served the Defendant _____ by leaving a copy of the
        Subpoena at his most notorious place of abode in this County.

❑      Delivered same into hands of _____ described as follows age,
        about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
        residence of Defendant.

**CORPORATION**

        Served the Defendant _____ a corporation
❑      by leaving a copy of the within action and summons with _____
        in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

        I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of
        the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United
❑      State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said summons, with adequate postage
        affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.
        _____ **NON-EST**

        Diligent search made and defendant _____
❑      not to be found in the jurisdiction of this Court.

This 21 day of JUNE , 22 .        BY: Sgt. Lamey ,Deputy/Officer
DOCKET _____ PAGE _____          Wilson COUNTY, ~~GEORGIA~~ TN.

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**

                    Wilson County Sheriff Dept
                    105 E. High St
                    Lebanon, TN 37087
                    Sgt. Lamey



**ROBERT BRYAN, SHERIFF**
**WILSON COUNTY SHERIFF'S OFFICE**
105 East High Street – Lebanon, Tennessee 37087
Office (615) 444-1412 Fax (615) 444-9276

## AFFIDAVIT OF SERVICE

Court Name and State: _STATE COURT          GEORGIA_

Docket/Case Number: _22-SCCV-094378_

Plaintiff and Defendant: _Hubert Gumbs_ vs. _J&D Specialized Logistics LLC_

Date: _6-21-22_

I, _Sgt. Lamey_, do hereby confirm that all the information on this proof of service form is true and correct and that said civil paper,

_X_ Was served upon _Joline Denney   Reg. Agent_

____ Was not served – Reason _____

On this _21_ day of _June_, 20_22_.

_Sgt. Lamey_
**Deputy Sheriff**
**Civil Warrant Division**

Additional Information:

_____
_____
_____
_____

Signed before me this _21 st_ day of _June_, 20_22_

Wilson County Sheriff Dept
105 E. High St
Lebanon, TN 37087
Sgt. Lamey

_Rhonda Bonner_
**Notary Public**

My commission expires on: _12/1/2025_

*STATE OF TENNESSEE NOTARY PUBLIC WILSON COUNTY — RHONDA BONNER*

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094378**

JBH
JUL 05, 2022 04:53 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# EXHIBIT K

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**      22018920

<span style="background-color: yellow">FOREIGN</span>

**Person Served:**    ZURICH AMERICAN INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
2 SUN CT
SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received:      06/24/2022

Assigned Zone:      2 Sun Court            Court Case #:      22-SCCV-094378

Expiration Date:                          Hearing Date:

Paper Types:      Summons, COMPLAINT FOR DAMAGES

Notes/Alerts:

**Notes:**

22018920

Civil Action No.

Attorney's Address: Reza Sedghi

**State Court GEORGIA,**

**BIBB COUNTY**

28_____    2870 Vineville Avenue
            Macon, Georgia 31204

HUBERT GUMBS

Telephone: (478) 741-3770

VS.                    **Plaintiff**

Name and Address of Party to be Served
Corporation Service Company, As Registered Agent for
Zurich American Insurance Company
2 Sun Court
Suite 400
Peachtree Corners, Georgia 30092
Gwinnett County

J & D SPECIALIZED LOGISTICS, LLC,
ZURICH AMERICAN INSURANCE COMPANY,
TYLER STEWARD, JOHN DOE, JOHN DOE INC.

## ENTRY OF SERVICE

Garnishees

RECEIVED 2022 JUN 24 AM 8: 25   CIVIL DIV. C.S.C.0

**GARNISHEE**

☐   I have this day served the Garnishee _____ by leaving a copy of the within action and summons with _____.

_____

**PERSONAL**

☐   I have this day served the Defendant **Subpoena** personally with a copy of the within action and summons.

_____

**NOTORIOUS**

   I have this day served the Defendant _____ by leaving a copy of the
   Subpoena at his most notorious place of abode in this County.

☐   Delivered same into hands of _____ described as follows age,
   about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
   residence of Defendant.

_____

**CORPORATION**

   Served the Defendant *Zurich American Ins. Comp.* a corporation
☒  by leaving a copy of the within action and summons with *Alisha Smith* _____
   in charge of the office and place of doing business of said Corporation in this County.

_____

**TACK & MAIL**

   I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of
   the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United
☐  State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said summons, with adequate postage
   affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____ **NON-EST**

   Diligent search made and defendant _____
☐  not to be found in the jurisdiction of this Court.

_____

This _____ day of *June* , *2022*

BY: *Sgt. Collins, 50 SD* Deputy/Officer

DOCKET _____ PAGE _____       _____ COUNTY, GEORGIA

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**

Civil Action No.

Attorney's Address: Reza Sedghi

28_____ 2870 Vineville Avenue _____
Macon, Georgia 31204
_____

Telephone: (478) 741-3770 _____

**State Court GEORGIA,**

**BIBB COUNTY**

HUBERT GUMBS
_____

**Plaintiff**

VS.

Name and Address of Party to be Served
Corporation Service Company, As Registered Agent for
Zurich American Insurance Company
2 Sun Court
Suite 400
Peachtree Corners, Georgia 30092
Gwinnett County

J & D SPECIALIZED LOGISTICS, LLC,
ZURICH AMERICAN INSURANCE COMPANY,
TYLER STEWARD, JOHN DOE, JOHN DOE INC.

## ENTRY OF SERVICE

**Garnishees**

**GARNISHEE**

☐ I have this day served the Garnishee _____ by leaving a copy of the
within action and summons with _____.
_____

**PERSONAL**

☐ I have this day served the Defendant **Subpoena** personally with a copy of the within action and summons.
_____

**NOTORIOUS**

☐ I have this day served the Defendant _____ by leaving a copy of the
Subpoena at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows age,
about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
residence of Defendant.
_____

**CORPORATION**

☐ Served the Defendant *Zurich American Ins Comp* a corporation
by leaving a copy of the within action and summons with _____ *Alisha Smith*
in charge of the office and place of doing business of said Corporation in this County.
_____

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of
the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United
State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said summons, with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.
_____ **NON-EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.
_____

This ___ day of _____ June _____, 20__   BY: _____, Deputy/Officer

DOCKET _____ PAGE _____   _____COUNTY, GEORGIA

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**

# EXHIBIT L

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094378**

JBH
JUL 20, 2022 01:46 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

### IN THE STATE COURT OF BIBB COUNTY
### STATE OF GEORGIA

HUBERT GUMBS,

     Plaintiff,

vs.

TYLER STEWARD; J&D SPECIALIZED
LOGISTICS, LLC; ZURICH AMERICAN
INSURANCE CO., JOHN DOE INC., and
JOHN DOE,

     Defendants.

CIVIL ACTION

NO. 22-SCCV-094378

---

### **CONSENT MOTION TO SUBSTITUTE PARTIES**

COME NOW, Plaintiff and named Defendants in the above-styled action, by and through undersigned counsel, and file this their Consent Motion to Substitute Parties, showing this Honorable Court as follows:

1.

The above matter was filed on or about June 8, 2022. Counsel for Defendants Tyler Steward, J&D Specialized Logistics, LLC, and Zurich American Insurance Co. promptly informed Plaintiff that the proper party Defendant in the above matter is L&D Equipment Hauling, LLC, not J&D Specialized Logistics, LLC.

2.

The Parties consent to and agree that "J&D Specialized Logistics, LLC" was incorrectly named in the instant lawsuit. The Parties consent to and agree that "J&D Equipment Hauling, LLC" is the proper entity involved in the alleged incident made subject of Plaintiff's Complaint.

1

3.

Under O.C.G.A. § 9-11-21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Dismissal of fewer than all defendants from an action, however, must be performed by court order. See *Kilgore v. Stewart*, 307 Ga. App. 374, 375 (2010); *Rosales v. Davis*, 260 Ga. App. 709, 710(1) (2003).

4.

The Parties consent to and agree to substitute J&D Equipment Hauling, LLC as the proper party for J&D Specialized Logistics, LLC, and to amend said caption to reflect the same.

5.

Pursuant to O.C.G.A. § 9-11-21 and this Joint Motion, Plaintiff and Defendants submit that the Court should enter an Order dismissing, with prejudice, J&D Specialized Logistics, LLC and amending the style of the case to reflect the addition of Defendant J&D Equipment Hauling, LLC.

6.

Upon the granting of this motion, the style of this case shall be as follows:

### IN THE STATE COURT OF BIBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| HUBERT GUMBS, | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| TYLER STEWARD; J&D EQUIPMENT HAULING, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE, | NO. 22-SCCV-094378 |
| Defendants. | |

2

7.

The Parties further stipulate and agree that no defenses of the Defendants, including jurisdiction and venue, are waived by this Stipulation, and that Defendants' rights to seek removal to federal court are not waived or affected by this Consent Motion.

WHEREFORE, Plaintiff and Defendants pray that this Honorable Court grant the Consent Motion to Substitute Parties, and substitute the proper party Defendant, J&D Equipment Hauling, LLC, for current party Defendant J&D Specialized Logistics, LLC.

Respectfully Submitted this 20th day of July, 2022.

HALL BOOTH SMITH, P.C.

*/s/ Samuel S. Sykes II*
Samuel S. Sykes II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
*Attorneys for Defendants Tyler Steward,*
*Zurich American Insurance Co., and J&D*
*Equipment Hauling, LLC, improperly named*
*as J&D Specialized Logistics, LLC*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
404-954-5000; (fax) 404-954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

SEDGHI LAW, LLC

*/s/  Reza Sedghi*
Reza Sedghi
Signed with consent by Samuel S. Sykes II
Georgia Bar No. 634077
Sandra Davis-Campos
Georgia Bar No. 334795
*Attorneys for Plaintiff*

2870 Vineville Avenue
Macon, GA 31204
478-741-3770; (fax) 478-741-3771
Sedghilaw@gmail.com

3

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| HUBERT GUMBS, | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| | NO. 22-SCCV-094378 |
| TYLER STEWARD; J&D SPECIALIZED LOGISTICS, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **CONSENT MOTION TO SUBSTITUTE PARTIES** upon the following by using the PeachCourt file system and/or by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto, addressed as follows:

Sandra Davis-Campos, Esquire
Reza Sedghi, Esquire
2870 Vineville Avenue
Macon, Georgia  31204
sedghilaw@gmail.com
sandy@rezasedghi.com
*Attorneys for Plaintiff*

[Signatures on Next Page]

4

Respectfully Submitted this 20th day of July, 2022.

**HALL BOOTH SMITH, P.C.**

_/s/ Samuel S. Sykes II_

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

Samuel S. Sykes, II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
_Attorneys for Defendants Tyler Steward,_
_Zurich American Insurance Co., and J&D_
_Equipment Hauling, LLC, improperly named_
_as J&D Specialized Logistics, LLC_

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| HUBERT GUMBS, | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| | NO. 22-SCCV-094378 |
| TYLER STEWARD; J&D SPECIALIZED LOGISTICS, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE, | |
| Defendants. | |

## PROPOSED ORDER DISMISSING DEFENDANT J&D SPECIALIZED LOGISTICS, LLC WITH PREJUDICE AND ADDING DEFENDANT J&D EQUIPMENT HAULING, LLC

Having reviewed and considered the Parties' Consent Motion to Substitute Parties, IT IS HEREBY ORDERED that the Parties' Motion is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Hubert Gumbs file an Amended Complaint within thirty (30) days of this Order naming the proper entity as a Defendant, to which that entity will have thirty (30) days to Answer the Amended Complaint.

IT IS FURTHER ORDERED that Defendant J&D Specialized Logistics, LLC is dismissed with prejudice, and the case will continue against Defendants Tyler Steward, J&D Equipment Hauling, LLC, Zurich American Insurance Co., John Doe Inc., and John Doe.

SO ORDERED this _____ day of _____ 2022.

_____
The Honorable Jeff Hanson, Chief Judge
State Court of Bibb County

6

# EXHIBIT M

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| HUBERT GUMBS, | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| | NO. 22-SCCV-094378 |
| TYLER STEWARD; J&D SPECIALIZED LOGISTICS, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE, | |
| Defendants. | |

<u>**DEFENDANT J&D SPECIALIZED LOGISTICS, LLC'S**</u>
<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

TO:   Ms. Patti Graves
        Clerk
        Bibb County State Court
        PO Box 5086
        Macon, GA 31213-7199

PLEASE TAKE NOTICE that Defendant J&D Specialized Logistics, LLC, has this date

filed a Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the

United States District Court for the Middle District of Georgia, Macon Division.

Respectfully Submitted this 21st day of July, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Samuel S. Sykes II*
Samuel S. Sykes, II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
*Attorneys for Defendant J&D Equipment*
*Hauling, LLC, improperly named as J&D*
*Specialized Logistics, LLC*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

HUBERT GUMBS,

     Plaintiff,

vs.

TYLER STEWARD; J&D SPECIALIZED
LOGISTICS, LLC; ZURICH AMERICAN
INSURANCE CO., JOHN DOE INC., and
JOHN DOE,

     Defendants.

CIVIL ACTION

NO. 22-SCCV-094378

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANT J&D SPECIALIZED LOGISTICS, LLC'S NOTICE OF FILING NOTICE**

**OF REMOVAL** upon the following by using the PeachCourt file system and/or by depositing a

copy of same in the United States Mail in a properly addressed envelope with adequate postage

affixed thereto, addressed as follows:

     Sandra Davis-Campos, Esquire
     Reza Sedghi, Esquire
     2870 Vineville Avenue
     Macon, Georgia  31204
     sedghilaw@gmail.com
     sandy@rezasedghi.com
     *Attorneys for Plaintiff*

[Signatures on Next Page]

Respectfully Submitted this 21st day of July, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Samuel S. Sykes II*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

Samuel S. Sykes, II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
*Attorneys for Defendant J&D Equipment*
*Hauling, LLC, improperly named as J&D*
*Specialized Logistics, LLC*

3

# EXHIBIT N

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| HUBERT GUMBS,<br><br>    Plaintiff,<br><br>vs.<br><br>TYLER STEWARD; J&D SPECIALIZED LOGISTICS, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE,<br><br>    Defendants. | CASE NO. |

**DEFENDANT J&D SPECIALIZED LOGISTICS, LLC'S
NOTICE OF FILING NOTICE OF REMOVAL**

TO:    Sandra Davis-Campos, Esquire
        Reza Sedghi, Esquire
        2870 Vineville Avenue
        Macon, Georgia  31204

PLEASE TAKE NOTICE that Defendant J&D Specialized Logistics, LLC, has this date filed a Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the Middle District of Georgia, Macon Division.

Respectfully Submitted this 21st day of July, 2022.

                        **HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street, NE | */s/ Samuel S. Sykes II* |
| Suite 2900 | Samuel S. Sykes, II |
| Atlanta, Georgia 30303 | Georgia Bar No. 227548 |
| Phone: (404) 954-5000 | Alex Kinzinger |
| Fax: (404) 954-5020 | Georgia Bar No. 871203 |
| ssykes@hallboothsmith.com | *Attorneys for Defendant J&D Equipment* |
| akinzinger@hallboothsmith.com | *Hauling, LLC, improperly named as J&D* |
| | *Specialized Logistics, LLC* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| HUBERT GUMBS,<br><br>        Plaintiff,<br><br>vs.<br><br>TYLER STEWARD; J&D SPECIALIZED LOGISTICS, LLC; ZURICH AMERICAN INSURANCE CO., JOHN DOE INC., and JOHN DOE,<br><br>        Defendants. | CASE NO. |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT J&D SPECIALIZED EQUIPMENT, LLC'S NOTICE OF FILING NOTICE OF REMOVAL** upon all parties to this matter by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Sandra Davis-Campos, Esquire
> Reza Sedghi, Esquire
> 2870 Vineville Avenue
> Macon, Georgia  31204
> sedghilaw@gmail.com
> sandy@rezasedghi.com
> *Attorneys for Plaintiff*

[Signatures on Next Page]

Respectfully Submitted this 21st day of July, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
akinzinger@hallboothsmith.com

_/s/ Samuel S. Sykes II_
Samuel S. Sykes, II
Georgia Bar No. 227548
Alex Kinzinger
Georgia Bar No. 871203
_Attorneys for Defendant J&D Equipment_
_Hauling, LLC, improperly named as J&D_
_Specialized Logistics, LLC_